IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK SHERN WILKERSON, #10093432, Plaintiff, v. BROOKE B. GRONA-ROBB, et al., Defendants. | § § § § § § § § § | 3:13-CV-2634-O-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a Dallas County Jail inmate, filed a *pro se Complaint* under 42 U.S.C. § 1983 against Assistant District Attorney Brooke B. Grona-Robb, Defense Counsel Calvin D. Johnson, and the Dallas Police Department. He later paid the $400 filing fee and moved to amend the complaint to substitute the "State of Texas' Dallas County Courts" as the sole Defendant in this case. (Doc. 6 at 1). The Court did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.[1]

I. BACKGROUND

On December 17, 2010, Plaintiff was convicted of compelling prostitution, sexual assault of a child, and sexual performance of a child, and was sentenced to eight years' imprisonment in each case. *Wilkerson v. State*, Nos. F08-60213, F10-01183, and F10-01184 (Criminal District Court No. 3, Dallas County, 2010), *aff'd*, 2012 WL 2877623 (Tex. App.–Dallas July 16, 2012, pet. ref'd). The Texas Court of Criminal Appeals subsequently dismissed his state habeas applications because they were filed when his direct appeal was still pending. *See Ex parte Wilkerson*, Nos. WR-77,138-10, -11, -12, -13 (Tex. Crim. App. 2013). In the meanwhile,

---

[1] The fee payment renders moot the prior recommendation that, insofar as Plaintiff sought leave to proceed *in forma puperis*, this case should be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g). (Doc. 5).

Plaintiff filed six civil actions in this court, which indirectly challenged his state convictions and ultimately caused him to accrue three strikes under 28 U.S.G. § 1915(g). *See Wilkerson v. Watkins*, No. 3:13-CV-1326-M-BF (N.D. Tex., Dallas Div., Apr. 25, 2013) (accepting recommendation of the magistrate judge, collecting some of the prior dismissals for frivolousness, and finding Plaintiff was barred by three strikes); Public Access to Court Electronic Records (PACER) Case Locator.

Undeterred, Plaintiff filed this action reiterating that he was never arrested or arraigned on the state charges, that the prosecutor committed misconduct, that his trial counsel provided ineffective assistance of counsel, and that the Dallas Police Department tempered with the evidence. (Doc. 3 at 3-4). He requests an "immediate hearing," damages of $12 million, exoneration from all convictions, and FBI and Internal Affairs investigations. *Id.* at 4.

## II.   ANALYSIS

Frivolous Claims

Although Plaintiff paid the $400.00 filing fee, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (section 1915A statutory screening provision applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*). Section 1915A(b) provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

Insofar as Plaintiff seeks to challenge his state convictions, his request is not cognizable in this section 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 4889 (1973)) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"). Constitutional challenges to state court convictions are generally cognizable in federal habeas corpus actions after exhaustion of state court remedies. *See* 28 U.S.C. § 2254.

Moreover, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Plaintiff's state convictions under section 1983. In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In this case, a ruling in Plaintiff's favor on the claims pled "would necessarily imply the invalidity of his conviction[s]." *Heck*, 512 U.S. at 487. Thus, since no court has reversed or invalidated Plaintiff's convictions for compelling prostitution, sexual assault of a child, and sexual performance,[2] his claims are clearly barred by *Heck*. Accordingly, Plaintiff's complaint

---

[2] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* barred claim is legally frivolous).

      <u>Sanction Warning</u>

      Because Plaintiff has had more than three civil actions (directly or indirectly challenging his underlying criminal convictions) dismissed as frivolous, Plaintiff should be warned that if he persists in filing frivolous lawsuits, the Court may impose monetary sanctions and/or bar him from bringing any future action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### III. RECOMMENDATION

      For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. § 1915A(b). It is further recommended that Plaintiff be **WARNED** that sanctions may be imposed if he persists in filing frivolous lawsuits.

      SIGNED July 26, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE